CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK
------------------------------------X
OLABISI SALIS

                Plaintiff,

-against-

AMERICAN EXPORT LINES
ATLANTIC CONTAINER LINE

                Defendants.
------------------------------------X

025436/07

AMENDED VERIFIED ANSWER TO COMPLAINT WITH AFFIRMATIVE DEFENSES

Defendant AMERICAN EXPORT LINES (AEL) and ATLANTIC CONTAINER LINE (ACL) (collectively "Answering Defendants") answer the Complaint of plaintiff upon information and belief as follows:

FIRST: Answering defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "1" of plaintiff's Complaint.

SECOND: Answering defendants deny each and every allegation contained in paragraphs "2", "3", "4", "5", "6", "8", "9" and "10" of plaintiff's Complaint.

AS AND FOR A FIRST SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

THIRD: The Complaint fails to state a claim against answering defendants on which relief can be granted.

AS AND FOR A SECOND SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

FOURTH: Answering defendants are not liable to plaintiff on the causes of action alleged in the Complaint.

AS AND FOR A THIRD SEPARATE AND COMPLETE AFFIRMATIVE DEFEN[SE]

FIFTH: If there was any loss and/or damage to car[go]
alleged in the Complaint it was occasioned by causes for which [the]
answering defendants are exonerated under the United St[ates]
Carriage of Goods by Sea Act, Title 46 U.S.C.A. § 1300, et s[eq.]

AS AND FOR A FOURTH SEPARATE AND COMPLETE AFFIRMATIVE DEFEN[SE]

SIXTH: If this Honorable Court finds that the plain[tiff]
has suffered damages to cargo for which answering defendants [are]
liable, said damages must be limited pursuant to 46 U.S.C.A. [§]
(5).

AS AND FOR A FIFTH SEPARATE AND COMPLETE AFFIRMATIVE DEFEN[SE]

SEVENTH: If there was any loss of and/or damage to c[argo]
as alleged in the Complaint, answering defendants are not liabl[e to]
the plaintiff by reasons of the provisions contained in the bill [of]
of lading, contract of carriage, charter party, applicable tari[ff,]
special contract, or dock receipt.

AS AND FOR A SIXTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENS[E]

EIGHTH: If there was any loss/and or damage to carg[o as]
alleged in the Complaint, it was occasioned by causes for which
answering defendants are exonerated under the Harter Act, Titl[e]
U.S.C.A. § 190, et seq.

AS AND FOR A SEVENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFEN[SE]

2

NINTH: Answering defendants puts plaintiff to proof of compliance with the provisions for giving of notice and the commencement of suit as provided for in the aforesaid bill(s) of lading and in the United States Carriage of Goods by Sea 1936.

AS AND FOR AN EIGHTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

TENTH: Any loss or damage to the goods, as alleged in the Complaint, that may have occurred while they were in the possession of custody of answering defendants or on board the carrying vessel(s) arose from the conditions of the goods as delivered to answering defendants or from wastage in bulk or from inherent defect, quality or vice of the goods, or insufficient packing, insufficiency or inadequacy of marks, latent defects not discoverable by due diligence, or by acts or omissions of the shipper(s) or owner of the goods, their agents, representatives, and answering defendants are not under any liability for any such loss or damage.

AS AND FOR A NINTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

ELEVENTH: (A) Due diligence was used to make the carrying vessel(s) seaworthy and to secure that they were properly manned, equipped and supplied, and to make the holds and all parts of the ships in which the goods were carried safe and fit for their reception, carriage and preservation in accordance with the provisions of the United States Carriage of Goods by Sea Act,

3

and the aforesaid bill(s) of lading.

(B) Accordingly, if the goods sustained any loss or damage while they were on board the carrying vessel due to any unseaworthiness of the vessels, which is denied, answering defendants are not under liability therefore.

### AS AND FOR A TENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

TWELFTH: Plaintiff's claim is barred by the statute of limitations contained in both the aforesaid bill(s) of lading, the United States Carriage of Goods by Sea Act, 1936 and/or the Doctrine of Laches.

### AS AND FOR AN ELEVENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

THIRTEENTH: Any damages sustained by plaintiff, as alleged in the Complaint, were proximately, directly, and solely caused by the negligent acts of third persons over whom answering defendants had and has no direction or control.

### AS AND FOR A TWELFTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

FOURTEENTH: Plaintiff knowingly and intentionally assumed any and all risks inherent in the shipment(s) of the goods at issue by sea, which is a complete bar to recovery.

### AS AND FOR A THIRTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

FIFTEENTH: Any injuries that may have been sustained by plaintiff, as alleged in its Complaint, occurred as a direct

result of plaintiff's own negligent conduct, and not by any negligence of answering defendants and as such plaintiff is barred from recovery in this action.

AS AND FOR A FOURTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

SIXTEENTH: Plaintiff is guilty of culpable conduct in the events giving rise to the claims now asserted in plaintiff's Complaint, and its recovery, if any, must be diminished in proportion thereto.

AS AND FOR A FIFTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

SEVENTEENTH: Plaintiff herein has failed to mitigate its damages.

AS AND FOR A SIXTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

EIGHTEENTH: The forum is inconvenient and the Complaint should be dismissed pursuant to the doctrine of forum non conveniens.

AS AND FOR A SEVENTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

NINETEENTH: The action, or part thereof, is founded upon improper venue and/or should be transferred pursuant to 28 U.S.C. §1404.

AS AND FOR A EIGHTEENTH SEPARATE AND COMPLETE
AFFIRMATIVE DEFENSE

TWENTIETH: The terms of the bill of lading, tariff, receipt, and/or other governing contracts between the parties require that this matter be heard in a forum other than this Court.

### AS AND FOR AN NINETEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

TWENTY-FIRST: Plaintiff has failed to bring answering defendants within the personal jurisdiction of the court.

### AS AND FOR AN TWENTIETH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

TWENTY-SECOND: This Court lacks personal jurisdiction of the answering answering defendants.

### AS AND FOR A TWENTY-FIRST SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

TWENTY-THIRD: Plaintiff has failed to make proper service of process upon answering defendants.

### AS AND FOR A TWENTY-SECOND SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

TWENTY-FOURTH: This Answer is made without waiver of jurisdictional defenses or rights to arbitrate or proceed in another forum that may exist between the parties.

### AS AND FOR A TWENTY-THIRD SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

TWENTY-FIFTH: Answering defendants were agents for a disclosed principal at all times at issue and therefore is

6

liable on the causes of action alleged.

WHEREFORE, defendants AMERICAN EXPORT LINE and ATLANTIC CONTAINER LINE demand judgment dismissing the Complaint herein, and awarding AMERICAN EXPORT LINES and ATLANTIC CONTAINER LINE costs fees, including reasonable attorneys fees and disbursements of this action and for such other and further relief as to the Court seem just and proper.

Dated:   New York, New York
         June 15, 2007

                                    Respectfully submitted,

                                    MAHONEY & KEANE, LLP
                                    Attorneys for Defendant
                                    AMERICAN EXPORT LINES

                              By:   _____
                                    Garth S. Wolfson (GW 7700)
                                    111 Broadway, Tenth Floor
                                    New York, New York  10006
                                    (212) 385-1422

TO:  SALIS and ASSOCIATES P.C.
     Attorneys for Plaintiff
     OWOLABI SALIS
     42 Broadway  Room 1133
     New York, NY 10004
     (212) 655-5749

7

STATE OF NEW YORK     :
                      : SS.:
COUNTY OF NEW YORK    :

    GARTH S. WOLFSON being duly sworn, deposes and says:

    That he is a partner of the firm of MAHONEY & KEANE LLP, attorneys for the defendants AMERICAN EXPORT LINES and ATLANTIC CONTAINER LINES herein. That he has read the foregoing verified Amenfded Answer and knows the contents thereof and knows it to be true except as to matters therein stated to be alleged upon information and belief and as to those matters he believes to be true.

    That the reason this verification is made by his deponent and not by the defendants are his client are not within this County.

    The source of your deponent's information and the grounds of his belief are documents and records in deponent's possession and reports obtained by deponent.

GARTH S. WOLFSON

Sworn to before me this
13th day of June, 2007

Notary Public

JORGE RODRIGUEZ
NOTARY PUBLIC
State of New York No. 02RO6128023
Qualified in New York County
Term Expires 06/05/2009

STATE OF NEW YORK    :
                     : SS.:
COUNTY OF NEW YORK   :

    MARIE T. CUSH being sworn says: I am not a party to the action, am over 18 years of age and reside in Lyndhurst, N.J.

    On June 18, 2007, I served a true copy of the annexed AMENDED VERIFIED ANSWER WITH AFFIRMATIVE DEFENSES

TO: SALIS and ASSOCIATES P.C.
   Attorneys for Plaintiff
   OWOLABI SALIS
   42 Broadway  Room 1133
   New York, NY 10004
   (212) 655-5749

on this date by mailing the same in a sealed envelope, with postage prepaid thereon, in an official depository of the U.S. Postal Service.

              _____
                MARIE T. CUSH

Sworn to before me this
18th day of June, 2007

_____
  Notary Public

GARTH J. WILSON
NOTARY PUBLIC
State of New York No. 02WI...
Qualified in New York County
Commission Expires 1/28/2011